IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02800-GPG

CALVIN JOHNSON,

    Plaintiff,

v.

JOHN DOE (going to be at least 2 or more "John Does"),

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Calvin Johnson, is a prisoner in the custody of the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility in Sterling, Colorado. Mr. Johnson initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated in September 2016 while he was incarcerated at the Colorado State Penitentiary. On November 28, 2017, Magistrate Judge Gordon P. Gallagher ordered Mr. Johnson to file an amended complaint that includes specific factual allegations in support of his claims. On December 13, 2017, Mr. Johnson filed an amended Prisoner Complaint (ECF No. 7).

The Court must construe the amended Prisoner Complaint liberally because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520‑21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority,

his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.   However, the Court should not be an advocate for a *pro se* litigant.   *See id.*

Mr. Johnson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   Therefore, the Court must dismiss the action if the claims in the amended Prisoner Complaint are frivolous.   *See* 28 U.S.C. § 1915(e)(2)(B)(i).   A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.   *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).   The Court will dismiss the action as legally frivolous pursuant to § 1915(e)(2)(B)(i).

Mr. Johnson's claims arise out of an incident in September 2016 when he was involved in a fight with an inmate named Tim Grant in the prison dayhall.   Mr. Johnson alleges that officers responded to the fight and, while standing behind a closed door outside of the dayhall, ordered both inmates to lie down on the floor on their stomachs facing away from the door.   He further alleges that both inmates complied with this order. According to Mr. Johnson, Mr. Grant then was ordered to get up and back up to the door in order to be handcuffed through a slot in the door.   Mr. Johnson asserts that, although Mr. Grant initially appeared to comply with the order to be handcuffed, Mr. Grant assaulted Mr. Johnson about ten seconds later by hitting him in the head, neck, and back while Mr. Johnson remained on the floor in a vulnerable position.   Mr. Johnson contends that, after he was assaulted, he jumped up and saw Mr. Grant running away and into the officers who had entered the dayhall.

Mr. Johnson claims his Eighth Amendment rights were violated because the responding officers failed to protect him from being assaulted by Mr. Grant. According to Mr. Johnson, the officers should have entered the dayhall as soon at least three officers were present and that, even from outside the dayhall, they could have used a taser or pepper spray to stop Mr. Grant as he moved away from the door to assault Mr. Johnson. Mr. Johnson also claims his right to equal protection was violated because he was charged with a disciplinary offense stemming from the initial fight but he believes Mr. Grant was not.

The Court first will address the Eighth Amendment claim. The Eighth Amendment's "prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to state an arguable Eighth Amendment claim Mr. Johnson must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya*, 516 F.3d at 916. "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). Thus, Mr. Johnson must allege facts demonstrating both that the injury he suffered was sufficiently serious and that prison officials acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916. Under the objective prong "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Thus, the Eighth Amendment is not violated unless the

conditions deprive a prisoner of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).   Under the subjective prong "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."   *Farmer*, 511 U.S. at 847.

   Mr. Johnson's allegations in support of his Eighth Amendment claim do not demonstrate the responding officers acted with deliberate indifference.   Mr. Johnson concedes that the fight with Mr. Grant ended without the responding officers entering the dayhall and that he and Mr. Grant both complied with an order to lie down on the floor.   Mr. Johnson also concedes that the responding officers entered the dayhall when Mr. Grant subsequently attacked him while he still was lying on the floor.   Even assuming the responding officers knew the inmates posed a substantial risk of serious harm to each other after they had complied with the order to lie down on the floor, Mr. Johnson does not allege facts that demonstrate the responding officers failed to act reasonably to abate the risk.   Instead, it is apparent that the officers reasonably responded to that risk by attempting to place the inmates in handcuffs one at a time.   Mr. Johnson does not allege that the responding officers knew Mr. Grant would launch a new attack if he was allowed to get up in order to be the first one to be placed in handcuffs.   Furthermore, Mr. Grant's failure to comply with the attempt to restrain him does not mean the steps taken by the responding officers were unreasonable.   Mr. Johnson's speculation that the assault could have been prevented if the officers had entered the dayhall sooner or if they had used a taser or pepper spray when Mr. Grant failed to comply also does not demonstrate

the responding officers acted unreasonably.   Therefore, the Eighth Amendment claim will be dismissed as legally frivolous.

Mr. Johnson's equal protection claim also lacks merit.   "Equal protection of the laws doesn't guarantee equal results for all."   *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012) (internal quotation marks omitted).   Instead, the Equal Protection Clause "seeks to ensure that any classifications the law makes are made without respect to persons, that like cases are treated alike, that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference."   *Id.* (internal quotation marks omitted); *see also Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109-10 (10th Cir. 2008) (discussing elements of an equal protection claim).   Because Mr. Johnson alleges he was treated differently as an individual, the Court analyzes the claim through equal protection's so-called "class of one" doctrinal prism.   *See Shifrin v. Toll*, 483 F. App'x 446, 449 (10th Cir. 2012) (considering equal protection claim under class of one theory in the absence of allegations that plaintiff was treated differently because of his sex, race, religion, or membership in some other cognizable group).   Of course,

> a class of one claim must proceed through essentially the same two steps a plaintiff alleging a class-based claim must.   First, the class of one plaintiff must show he or she (as opposed to a class in which he is a member) was intentionally treated differently from others similarly situated.   Second, when intentional discrimination is shown to exist the plaintiff must prove there is no rational basis for it.

*SECSYS*, 666 F.3d at 688 (internal citations and quotation marks omitted).   The first element "is especially important in class-of-one cases" and a class-of-one plaintiff must

"provide a specific and detailed account of the nature of the preferred treatment of the favored class."  *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213-14 (10th Cir. 2004). "[I]t is exceedingly difficult to demonstrate that any difference in treatment is not attributable to a quirk of the plaintiff or even to the fallibility of administrators whose inconsistency is as random as it is inevitable."  *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1213 (10th Cir. 2006).  Thus, "courts have imposed exacting burdens on plaintiffs to demonstrate similarity in class-of-one cases."  *Id.*

Mr. Johnson fails to allege specific facts that demonstrate he intentionally was treated differently than a similarly situated inmate.   His speculation that Mr. Grant may not have been charged with a disciplinary offense is not sufficient to state a cognizable constitutional claim that he has been denied equal protection.   *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992); *see also Hall*, 935 F.2d at 1110 ("[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").   Furthermore, even assuming Mr. Grant was not charged with a disciplinary offense regarding the initial fight, Mr. Johnson fails to allege specific facts that demonstrate he and Mr. Grant are similarly situated with respect to their relative involvement in that altercation.   Therefore, the equal protection claim also will be dismissed as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 7) and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   16th   day of    January   , 2018.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court